IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STACEY MILLER, )
  )
  Plaintiff, )
  )
v. ) 1:17CV90
  )
AMCARE GROUP, LLC, et al., )
  )
  Defendants. )

### MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Defendants AmCare Group, LLC ("AmCare") and James B. Weeks' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Docket Entry 14.) The matter is ripe for disposition. For the reasons stated herein, the Court recommends that Defendants' Motion be granted in part and denied in part, and that this matter be remanded to State court for further proceedings.

### I. PROCEDURAL BACKGROUND

On December 22, 2016, Plaintiff, Stacey Miller, brought this action against Defendants in the Superior Court of North Carolina for Guilford County, alleging violations of state and federal laws arising from her employment with Defendant AmCare. (*See generally* Complaint, Docket Entry 3.) Based on federal question jurisdiction from Plaintiff's claim that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendants removed the lawsuit to this Court. (Docket Entry 1.) On May 3, 2017, Defendants moved to

dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and sought sanctions under Rule 11. (Docket Entry 14.) Defendants' principle contention was that neither AmCare nor James Weeks, in his individual capacity, could meet the statutory definition of "employer" under Title VII, or the state law counterpart, the North Carolina Equal Employment Practices Act ("NCEEPA"), thus Plaintiff's Title VII claim and derivative state tort law claims should fail as a matter of law and be deemed frivolous. (*See* Docket Entry 15.)

Plaintiff filed a response in opposition to Defendants' Motion (Docket Entry 16), maintaining that as of that stage of litigation, there was not yet an indication that Defendant AmCare lacked the requisite number of employees to state a claim under Title VII. (*See* Docket Entry 17.) Defendants filed a reply in which they reasserted their position that they never employed 15 or more employees and therefore could not be an "employer" under either Title VII or the NCEEPA.[1] (Docket Entry 19.) In further support, Defendants attached the affidavit of Shirley Payton, AmCare's Accounting Manager, in which she attested that during her tenure at the company, they had only employed a work force of five to seven employees. (Docket Entry 19-1.)

The undersigned then held a telephone conference on September 25, 2017, at which time Plaintiff's counsel conceded that Plaintiff's claim under Title VII should be dismissed.

---

[1] Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e. Similarly, the NCEEPA states that "[i]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees." N.C. Gen. Stat. § 143-422.2.

(*See* Minute Entry dated 9/25/2017.) As to the remaining state law claims, Plaintiff argued that they should be permitted to proceed. (*Id.*) The Court ordered supplemental briefing on the issue of whether the employer status is required for the remaining state law claims, and whether the Court maintains jurisdiction over the remaining state law claims. (*Id.*) During the telephone conference, Defendants also indicated that they were still seeking Rule 11 sanctions against Plaintiff. (*Id.*) On October 2, 2017, Plaintiff then filed a supplemental brief (Docket Entry 21) and Defendants filed a supplemental brief on October 9, 2017. (Docket Entry 22.)

## II. FACTUAL BACKGROUND

According to the Complaint, Plaintiff Stacy Miller was an employee at Defendant AmCare's business for several years in the role of executive assistant to Defendant Weeks, the Chief Operating Officer. (Compl. ¶¶ 4-5.) Plaintiff alleges that shortly after taking the position, Defendant Weeks began to make inappropriate sexual comments and telephone calls to her, and harassed her on the job. (*Id.* ¶ 5.) Plaintiff asserts that as a result of this conduct, she experienced a sense of fear and apprehension while working, and lost sleep. (*Id.* ¶ 18.) Plaintiff contends that she expressed her objections to this conduct directly to Defendant Weeks, but that the conduct did not cease until about April 2016. (*Id.* ¶ 5.) After that point, Plaintiff alleges that Defendant Weeks began a course of work-related retaliation in the form of reduction of responsibilities, and the hiring of a new assistant that Plaintiff believed to be her upcoming replacement. (*Id.* ¶ 6.) Plaintiff was subsequently placed on administrative leave without notice, and her employment with Defendant AmCare was terminated on September 1, 2016. (*Id.* ¶ 7.) Plaintiff contends that Defendant AmCare was aware of Defendant Weeks'

behavior towards Plaintiff, and failed to take measures to prevent or correct the alleged sexual harassment when it was put on notice. (*Id.* ¶ 8.)

### III. DISCUSSION

A. <u>Defendants' Motion to Dismiss</u>

As Plaintiff has conceded that Defendant AmCare does not employ the requisite number of employees to support jurisdiction under Title VII of the Civil Rights Act and the NCEEPA, the only claims remaining before the Court are Plaintiff's claims arising under North Carolina state law. (*See* Pl.'s Suppl. Br., Docket Entry 21.)[2] Plaintiff argues that remand is appropriate for her remaining claims. (*Id.* at 1-2.) Defendants contend that the Court should maintain its jurisdiction pursuant to 28 U.S.C. § 1367, and find that Plaintiff's state law claims are a derivative of her Title VII claim, and therefore are pre-empted and warrant dismissal. (Defs.' Suppl. Br., Docket Entry 22 at 3-4.)

Pursuant to 28 U.S.C. § 1367, this Court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims after having dismissed the Title VII claim. 28 U.S.C. § 1367(c)(3). "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right . . . . [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When contemplating whether the exercise of supplemental jurisdiction under § 1367(c) is

---

[2] Though not explicitly stated on the record, it appears that through conceding that Defendant AmCare does not meet the fifteen employee requirement to bring an action under Title VII, Plaintiff is also relinquishing her claim under the NCEEPA, which also has a fifteen employee minimum requirement. *See* N.C. Gen. Stat. § 143-422.2. Plaintiff does not address the NCEEPA claim any further in her supplemental brief.

4

appropriate, courts are guided by considerations of "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

When the federal claims which provided the initial basis for federal jurisdiction have been dismissed prior to trial, courts have generally found that the aforementioned factors point toward declining the exercise of supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Flanagan v. Syngenta Crop Prot., LLC*, No. 1:17CV202, 2017 WL 3328168, at *8 (M.D.N.C. Aug. 3, 2017) (unpublished). In the case at hand, the sole federal claim, Plaintiff's Title VII claim, will be dismissed. Accordingly, the Court should decline supplemental jurisdiction and remand all remaining state law claims to state court. *See e.g., Ennis v. Town of Kill Devil Hills*, No. 2:12-CV-9-F, 2012 WL 1473391, at *4 (E.D.N.C. Apr. 27, 2012) ("[G]iven the relatively early stage of this litigation, the court finds that the interests of comity are best served by allowing the state courts to rule on Defendants' challenges to Plaintiffs' state law claims.").

To support their position that the Court should retain jurisdiction and dismiss Plaintiff's state law claims, Defendants rely on *Rhodes v. Johnson*, No. 3:13-cv-00109, 2014 WL 2531594 (W.D.N.C. June 5, 2014) (unpublished). In that case, the Court granted summary judgment on the plaintiff's state law claims of intentional infliction of emotional distress and negligent retention and supervision when the federal Title VII claims based on the same underlying conduct failed as a matter of law. *Id.* at *9. The Court emphasized that when the "victim of a discriminatory act [does not] allege [] a harm apart from discrimination, Title VII

. . . preclude[s] her from suing under a common law tort theory to remedy that [same] injury." *Id.* (quoting *Boyd v. O'Neill*, 273 F.Supp.2d 92, 96 (D.D.C. 2003)).

This Court is unpersuaded by Defendants' reliance on *Rhodes*. In several instances, when the only remaining claims in civil rights and employment discrimination actions are ancillary state law claims, the Middle District of North Carolina, at its discretion, has remanded these claims to state court without probing their merits. *See e.g., Clemmons v. Guilford Tech. Cmty. Coll.*, No. 1:16CV482, 2017 WL 3128104, at *9 (M.D.N.C. July 21, 2017) (unpublished) ("Because this court will dismiss Clemmons's federal claim, therefore, it will decline to exercise supplemental jurisdiction over her State-law claims, which will be remanded to State court."); *Long v. Forsyth Cty. Dep't of Soc. Servs.*, No. 1:15CV683, 2016 WL 7496122, at *8 (M.D.N.C. Dec. 30, 2016) (unpublished) ("The court finds that judicial economy, convenience, fairness, and comity weigh in favor of remanding the remaining claims—all founded solely on State law grounds—to State court for further consideration."); *York v. City of Burlington*, 225 F. Supp. 3d 341, 351 (M.D.N.C. 2016) ("Because this court will dismiss all of Plaintiffs' federal claims and there is no other identified basis of subject matter jurisdiction, the court declines to exercise supplemental jurisdiction over their State law claims."). As such, here, the Court should decline to analyze whether Plaintiff's state tort law claims are within the purview of Plaintiff's Title VII claim and should leave it to the state court to determine whether Plaintiff has any cognizable claims under North Carolina law.

Defendants also argue that the Court should maintain jurisdiction over the state law tort claims and adjudicate their merits, specifically by dismissing the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to meet the federal pleading

6

standards. (*See* Docket Entries 14, 22.) Again however, as the only claims remaining before this Court arise under North Carolina state law, the Court should decline to exercise supplemental jurisdiction over these claims. *See Shanaghan*, 58 F.3d at 110 ("There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction.") (emphasis in original); *see also* 28 U.S.C. § 1367(c)(3); *Waybright v. Frederick Cnty., Md.*, 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal questions gone, there may be the authority to keep [a case] in federal court . . . but there is no good reason to do so.").

B. <u>Defendant's Motion for Rule 11 Sanctions</u>

Defendants have also moved for an order sanctioning Plaintiff pursuant to Federal Rule of Civil Procedure 11(c) for "advancing and continuing to pursue frivolous Title VII and NCEEPA claims." (Docket Entry 15 at 18.) Through this motion, Defendants are seeking to recover some costs related to defending against Plaintiff's sexual harassment claims. (Docket Entry 14.) Federal Rule of Civil Procedure 11(c) provides that a court may, on a motion or on its own initiative, issue sanctions when an attorney, law firm, or party is shown to have acted in a manner which violates Rule 11(b). Fed. R. Civ. P. 11(c). Under Rule 11(b), when submitting materials to the court, attorneys for the party are certifying that their claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing the existing law, and that the factual contentions will likely have evidentiary support. *See* Fed. R. Civ. P. 11(b). Prior to filing a claim, counsel is required to "conduct a reasonable investigation of the factual and legal basis" for the claim. *Dillard v. Thomasville Auto Sales, LLC*, 221 F. Supp. 3d 677, 683 (M.D.N.C. 2016) (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363,

1373 (4th Cir. 1991)). A reasonable investigation by claimants counsel is one which produces "some [factual] information" and "some basis in law" to support the allegations. *Id.* (citation omitted).

Defendants contend that Plaintiff and her counsel "exhibited a cavalier and irresponsible attitude" by continuing to pursue Title VII and NCEEPA claims after Defendants' counsel informed Plaintiff's counsel that Defendant AmCare did not have the requisite number of employees to meet the statutory definition of employer. (Docket Entry 15 at 18.) In response, Plaintiff argues that while she might have been aware of the number of employees in the AmCare office at which she had been employed, she did not have knowledge of the all of the entity's corporate dealings. (Docket Entry 17 at 9.) Plaintiff relied upon Defendant AmCare's public representations such as its LinkedIn profile which listed the company size as having "11-50 employees," as well as a filing with the Georgia Secretary of State. (*See* Docket Entry 17-3.) Additionally, Plaintiff noted the EEOC's lack of dismissal of her claim on grounds that Defendant AmCare employs less than the statutory requirements. (*See* Docket Entry 17-2.) Lastly, the Court notes that Plaintiff's concession to dismissal of the Title VII claim was largely a result of the affidavit of Shirley Payton, which was attached to Defendants' *reply* brief to its Motion to Dismiss. (Docket Entry 19-1.) Considering these things collectively, the Court finds that Plaintiff and her counsel's decision to continue pursuing the Title VII claim does not warrant Rule 11 sanctions.

### IV. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 14) be **GRANTED IN PART** as to Plaintiff's

claims under Title VII and the NCEEPA, and otherwise **DENIED WITHOUT PREJUDICE** as to any remaining State law claims. To the extent Defendants seek sanctions, **IT IS FURTHER RECOMMENDED** that the Motion be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this matter be **REMANDED** to the Superior Court of North Carolina for Guilford County further consideration.

Joe L. Webster
United States Magistrate Judge

October 30, 2017
Durham, North Carolina